# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Phone Check Solutions, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>Blackbelt Smartphone Defence LTD., and DOES 1-10,<br><br>*Defendants*. | Case No. 2:23-cv-00511<br><br>**Complaint for Damages and Injunctive Relief for Federal Copyright Infringement Under 17 U.S.C. §501**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Phone Check Solutions, LLC ("PC") alleges for its complaint against Defendant BlackBelt Smartphone Defence Ltd. as follows:

## PARTIES

1. PC is a California limited liability company with a principal place of business in Los Angeles County, California.

2. Defendant BlackBelt Smartphone Defence, Ltd. ("BB") is a limited liability company organized and existing under the laws of the United Kingdom, with a place of business at Level 4 Friars House, Figflex Manor House Drive, Coventry, CV1 2TE, United Kingdom.

3. PC is unaware of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. PC will amend this complaint to allege their true names and capacities when ascertained. PC is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in

1

some manner for the occurrences herein alleged, and that PC's injuries herein alleged were proximately caused by their conduct (collectively, the DOES and BB are "Defendants").

## JURISDICTION AND VENUE

4. This action is for infringement of federally registered copyrights under 17 U.S.C. §501(a) based on Defendants' marketing and distribution of infringing products nationwide, including specifically to actual and potential customers within Texas.

5. This Court has subject matter jurisdiction over PC's claims pursuant to 28 U.S.C. §§1331, 1332(a) and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(2), (b)(3) and (c)(3).

## PC'S COPYRIGHTED SOFTWARE AND BB'S UNAUTHORIZED AND WILLFUL INFRINGEMENT OF THE SAME

7. This case arises out of BB's blatant and easily demonstrated wholesale infringement of large segments of PC's copyrighted code for its diagnostic software for used mobile devices; indeed, as detailed further below, BB even copied various spelling mistakes and a completely gratuitous and nonfunctional expletive present in PC's code.

8. As a practical matter, resellers looking to increase their chances of selling used mobile devices at premium prices and maximize buyer satisfaction must investigate device condition and status, and identify their unique identifiers, such as the operating system, carrier information, programs, history, etc. Indeed, Amazon and certain other third-party marketplaces require formal certification of such investigation prior to resale.

9. PC creates and licenses software that effectively and efficiently performs these investigations on mobile devices for resale at scale, querying millions of phones per month, and

also provides complementary tracking, erasure and locking services. With its 80-point certification, ADISA-certified data-wipe process and complete Device History Report for iOS and Android, leading global marketplaces and enterprise processors like eBay and Amazon trust PC as their preferred partner to confirm that used devices meet their standards.

10. To compile repair history and other important information about a used device, a third-party certification provider like PC must develop and deploy software to identify the key information about the device. For example, PC must determine the device's unique International Mobile Equipment Identity (IMEI) number and carrier information. As there is no standardized means of obtaining IMEI and carrier information across all the different device manufacturers and carriers, PC has through creativity, effort and expense developed its own proprietary and trade secret code to query IMEIs and carrier information for all types of phones, which code is part of its copyright registered Phonecheck Desktop 1.0 Series Programs for Windows and macOS (collectively, the "Protected Software"). True and correct copies of the registration certificates for the Protected Software, United States Copyright Registration Nos. TX 9-325-253, TX 9-325-262, TX 9-325-265 and TX 9-325-269, are attached as **Exhibit A**.

11. BB also markets and sells diagnostics and data erasure software for mobile devices, and the evidence that it copied PC's Protected Software wholesale is robust. By way of example only, the Protected Software includes a file called IMEIProvider.java, which was developed to extract specific model numbers of phones from various manufacturers, and the code for one of its key functions contains an unexplained gratuitous expletive and ends with a sequence of calls for different brands of phones, with one of the brand names misspelled. BB copied the aforementioned function and supporting functions complete with the expletive and the exact same brand name misspelling.

12. On information and belief, at least some of this copying was accomplished by former PC coders who had access to the Protected Software and simultaneously and/or subsequently coded for BB.

13. Despite PC having given BB written notice of its infringement, BB has not ceased its infringing activities and, on information and belief, will continue to copy, derive, and distribute infringing software products without authorization from PC unless restrained by this Court.

## **FIRST CLAIM FOR RELIEF**

## **FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. §501)**

14. PC repeats and incorporates each of the preceding paragraphs in this complaint as if set forth herein in their entirety.

15. PC is the owner of U.S. Copyright Registration Nos. TX 9-325-253, TX 9-325-262, TX 9-325-265 and TX 9-325-269 for the Protected Software, and all the exclusive rights afforded by 17 U.S.C. §106 as to the same, including the rights to reproduce, prepare derivative works of, and/or distribute the Protected Software.

16. Defendants accessed and infringed the Protected Software by reproducing and creating derivative works from it, and distributing such reproductions and derivative works, all without authorization and in violation of 17 U.S.C. §501.

17. Each of Defendants' infringement actions, including, but not limited to, each instance the Protected Software and/or features thereof were copied, used in a derivative work, licensed, sold and/or distributed to a BB customer, constitutes a separate and distinct act of infringement.

18. On information and belief, Defendants' ongoing infringement was and is knowing and intentional or, at the very least, carried out with reckless disregard for PC's exclusive rights in the Protected Software, and constitutes willful copyright infringement under 17 U.S.C. §501.

4

19. As a direct and proximate result of Defendant's past and continuing infringement, PC has suffered and, unless such acts are enjoined, will continue to suffer injury and damages, as well as irreparable harm for which it has no adequate remedy at law. PC is therefore entitled to injunctive relief pursuant to 17 U.S.C. §502.

20. Pursuant to 17 U.S.C. §504, PC is entitled to recover its damages and BB's profits in amounts to be proven at trial. PC is further entitled to attorneys' fees and full costs pursuant to 17 U.S.C. §505.

## **JURY DEMAND**

Phone Check Solutions, LLC demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## **RELIEF REQUESTED**

Phone Check Solutions, LLC prays for the following relief:

A. A judgment finding that Defendants have infringed PC's copyrights in the Protected Software in violation of 17 U.S.C. §501;

B. A judgment finding that Defendants' violations of 17 U.S.C. §501 were knowing, willful and/or reckless;

C. An order (a) enjoining and restraining Defendants, and all those acting in concert or participation with them, including their officers, directors, employees, and agents, from copying, deriving works from, distributing or otherwise infringing the asserted copyrights in the Protected Software; (b) requiring Defendants to recall, remove and return from commercial distribution and/or public display any infringing products and to delete and destroy the same; and (c) requiring Defendants to file with the Court a written report setting forth under oath the steps they have taken to comply with the requirements in sub-sections (a) and (b) of this paragraph within thirty (30) days of service of the judgment upon them;

D. A judgment awarding PC (a) its actual copyright infringement damages in a to-be-determined amount in the millions of dollars; (b) an accounting of any profits of Defendants resulting from the use of the Protected Software and any of its features; (c) its costs and fees in this action, including attorney's fees as permitted pursuant to 17 U.S.C. §505; and (d) pre- and post-judgment interest;

E. A judgment for such other and further relief and/or damages to which PC may be entitled as a matter of law or equity or which the Court determines to be just and proper; and

F. Any and all other relief to which Phone Check Solutions, LLC may be entitled.

Dated: November 7, 2023                                           Respectfully submitted,

*/s/ Christian W. Conkle*
Larry C. Russ (*pro hac vice admission pending*)
CA State Bar No. 082760
Email: lruss@raklaw.com
Nathan D. Meyer (*pro hac vice admission pending*)
CA State Bar No. 239850
Email: nmeyer@raklaw.com
Christian W. Conkle
CA State Bar No. 306374
Email: cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

**ATTORNEYS FOR PLAINTIFF**
**Phone Check Solutions, LLC**